UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jarrel Johnson, ) | Civil Action No.: 5:22-cv-04512-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Travis Bragg, US Government, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Jarrel Johnson, a state prisoner proceeding *pro se*, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 14 & 16.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

The Magistrate Judge recommends dismissing this action because it is duplicative of another habeas petition filed by Petitioner that is pending before this Court. ECF No. 14 at p. 3; *see Johnson v. Bragg*, No. 5:22-03980-RBH-KDW (D.S.C.) ("*Johnson I*"). Petitioner objects to the R & R and contends "a[] noted detail in this case that has not been expressed in previous correspondence with this court and other cases . . . is the fact that this case mentions my filing fees being paid." ECF No. 16 at p. 1. However, the payment of the filing fee is not relevant to the substance of the habeas petitions, and Petitioner does not object to the Magistrate Judge's conclusion that the instant case raises the identical habeas grounds as those raised in *Johnson I*.[2] Thus, the Court need only review the Magistrate Judge's recommendation for clear error, and the Court's review of the R & R reveals no clear error in its analysis. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the Magistrate Judge's R & R for clear error in the absence of specific objections); s*ee also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

---

[2] The remainder of Petitioner's objections are not specific objections to the R & R. *See* ECF No. 14.

2

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 14] and **DISMISSES** this action *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Florence, South Carolina  
January 20, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge